UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:20-mj-0074 |
| | ) |
| JORGE DIAZ-MEJIAS, | )     - 01 |
|     Defendant. | ) |

**ORDER TO SHOW CAUSE**

On January 24, 2020, Defendant appeared before the Court for proceedings pursuant to Fed. R. Crim. P. 5(c)(3) on an arrest warrant relating to a pretrial release violation in the matter of *United States v. Jorje Diaz-Mejias*, Case No. 8:19-cr-292-1 pending in the United States District Court for the Northern District of New York. During that proceeding, the government moved for Defendant to remain in custody pending transport to the Northern District of New York. Defendant requested that a detention hearing be held in this District.

The procedures to address release and detention pending judicial proceedings are codified at 18 U.S.C. § 3141 et seq. Section 3142(a) addresses procedures following the appearance of a person "charged with an offense." 18 U.S.C. § 3142(a). Defendant Diaz-Mejias is not appearing before the Court on the offense with which he has been charged in the Northern District of New York; rather, the arrest warrant was issued to require Defendant Diaz-Mejias' appearance in the Northern District of New York to answer for his alleged failure to comply with the conditions of his pretrial release in the New York matter. Accordingly, the procedures set forth in 18 U.S.C. § 3142 are not invoked.

Rather, 18 U.S.C. § 3148 sets forth the procedures to be followed and standards to be observed for the revocation of an order of release pending trial. In relevant part, Section 3148(b) provides:

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer-
>
> (1) finds that there is-
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that-
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148.

The first paragraph of Section 3148(b) dictates the Court's procedures in this situation.

The government has initiated a proceeding for the revocation of Defendant Diaz-Mejias' release and a judicial officer has issued a warrant for his arrest. Section 3148(b) thereafter provides that "the person **shall be brought before a judicial officer in the district in which such person's arrest was ordered** for a proceeding in accordance with this section." 18 U.S.C. § 3148 (emphasis added). The statute therefore makes an unequivocal statement that precludes any consideration of Defendant's possible release in this District. *See United States v. Murphy*, No. 1:11-MJ-00615-KPF, 2011 WL 5023534, at *3 (S.D. Ind. Oct. 19, 2011) (noting that that Magistrate Judge's denial of defendant's request for a detention hearing was proper because the district issuing defendant's "arrest warrant is entitled to require her presence before the court and may decide to require temporary detention of the defendant during her transfer.") *United States v. Zu Quan Zhu*, 215 F.R.D. 21, 26 (D. Mass. 2003) (noting that the violations of "Conditions of Release (other than failure to appear) and the arrest takes place in a district other than the district which ordered the arrest, the magistrate judge in the district of arrest has no power to hold a detention hearing and no power to release the defendant.").

Accordingly, before any detention hearing in this District may proceed, Defendant shall appear **in person and by counsel on Thursday, January 30, 2020, at 2:30 p.m.** in Courtroom 238, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, to **show cause** why the Court should not enter a commitment order to the Northern District of New York without a detention hearing in this District.

SO ORDERED.

Dated: 28 JAN 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.